UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


DAVE MICHAEL COLE,                    :
                                      :   Civil Action No. 13-1538 (PGS)
                  Petitioner,         :
                                      :
             v.                       :   **OPINION**
                                      :
BRIAN ELWOOD, et al.,                 :
                                      :
                  Respondents.        :


**APPEARANCES:**

        DAVE MICHAEL COLE, Petitioner *Pro Se*
        A #205 309 260
        Hudson County Correctional Center
        30-35 Hackensack Avenue
        Kearny, New Jersey  07032

        DANIEL SHAY KIRSCHBAUM, AUSA
        OFFICE OF THE U.S. ATTORNEY
        970 Broad Street, Suite 700
        Newark, New Jersey 07102
        Counsel for Respondents

**SHERIDAN**, District Judge

        Petitioner Dave Michael Cole ("Petitioner"), an immigration

detainee presently confined at the Hudson County Correctional

Center in Kearny, New Jersey, has submitted a petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging

his continuing detention without a bond hearing.  The sole

proper respondent is Oscar Aviles, Warden at Hudson County

Correctional Center, where Petitioner is in custody.[1]  Because it
appears from a review of the parties' submissions that
Petitioner is not entitled to the relief he seeks at this time,
the Court will deny the petition without prejudice.

## I.  BACKGROUND

Petitioner Dave Michael Cole is a native and citizen of
Jamaica, who entered the United States unlawfully on or about
November 14, 1992.  (Petition, ¶¶ 14, 15; Respondent's Answer,
Exhibit B.)  On or about June 28, 2002, Petitioner was convicted
of Conspiracy to Distribute and Possess with Intent to
Distribute 100 kilograms and more of marijuana, in violation of
21 U.S.C. § 846, in the United States District Court for the
Southern District of New York, under Case No. 1:00CR00591-03
(WHP).  (Petition, ¶ 16.)  The Government states that Petitioner

---

[1]  On March 27, 2013, Petitioner was transferred from Monmouth
County Correctional Institution to the Hudson County facility.
Accordingly, Warden Brian Elwood of Monmouth County Correctional
Institution is no longer custodian of Petitioner.  The correct
respondent is now Oscar Aviles, Warden at Hudson County
Correctional Center, where Petitioner is confined.

Petitioner also has named various remote federal officials as
respondents.  However, the only proper respondent to a habeas
petition challenging current confinement is the warden of the
facility where the prisoner is being held.  Accordingly, Warden
Aviles is the only properly named respondent in this action, and
the other named respondents shall be dismissed from this action
with prejudice.  *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004);
*Yi v. Maugans*, 24 F.3d 500 (3d Cir. 1994).

also was convicted (1) in the New York Supreme Court, on April 17, 1995, of criminal possession of a loaded firearm; (2) in the California Superior Court, Los Angeles County, on charges of selling/furnishing marijuana, and sentenced to a 364-day prison term on or about February 26, 1998; and (3) in the United States District Court for the Southern District of New York, of misuse of a social security number in violation of 42 U.S.C. § 408(a)(7)(B), and sentenced to a term of 50 consecutive weekends in prison on October 13, 2010.  (Respondent's Answer, ¶ 16.) The United States District Court for the Southern District of New York later determined that Petitioner had violated the terms of his probation (on the October 13, 2010 conviction), and Petitioner was sentenced to three months imprisonment on October 2, 2012.  (*Id.*)

On or about November 21, 2012, Petitioner was taken into custody by the U.S. Department of Homeland Security ("USDHS"), Immigration and Customs Enforcement ("ICE"), and detained pursuant to the Immigration and Nationality Act "(INA") Section 236(c), 8 U.S.C. § 1226(c).  Petitioner was served with a Notice to Appear ("NTA"), charging him with inadmissibility under INA Section 212(a)(6)(A)(i)(alien present without admission or parole), Section 212(a)(2)(A)(i)(II)(controlled substance

violation), and Section 212(a)(2)(C)(reason to believe alien is
a drug trafficker). (*Id.*, Declaration of Patrick Heerey at ¶
10.)  On or about November 28, 2012, Petitioner was placed in
removal proceedings. (*Id.*, Heerey Decl., ¶ 11.)  Petitioner
appeared before the Immigration Judge on December 12, 2012,
January 14, 2013, February 13, 2013, and March 19, 2013. (*Id.*,
Heerey Decl., ¶¶ 12-15.)  At the March 19, 2013 hearing,
Petitioner admitted the allegations in the NTA, and the
Immigration Judge ordered Petitioner's removal to Jamaica.
Petitioner waived his right to file an appeal from the removal
order with the Board of Immigration Appeals ("BIA"). (*Id.*,
Heerey Decl., ¶ 15.)

On March 27, 2013, Petitioner was transferred from the
Monmouth County Correction Institution to the Hudson County
Correctional Center for detention pending his removal from the
United States.  On April 3, 2013, the Jamaican Consulate
interviewed Petitioner for the purpose of issuing a travel
document for Petitioner's removal.  As of April 22, 2013,
Petitioner has not filed an appeal with the BIA or a motion with
the Immigration Judge regarding his removal order. (*Id.*, Heerey
Decl., ¶¶ 17-19.)

4

Petitioner filed this habeas petition on or about March 13, 2013. Petitioner contends that he is not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1226(c), because he was not taken into ICE custody when released from prison for a removable offense. (Pet., ¶ 27.) Petitioner also argues that his mandatory detention under § 1226(c) is not authorized because he has a substantial challenge to his removal. (Pet., ¶¶ 30, 31.)

On April 23, 2013, the Government filed an answer to the petition, with the relevant administrative record, arguing that the petition should be denied because Petitioner's detention is covered by 8 U.S.C. § 1231(a) (post-removal order detention) and not § 1226(c), as Petitioner has been ordered removed and has not appealed that order. (Resp. Answer, ¶¶ 25, 29, pp. 8-11, Docket entry no. 8.) The Government also argues that Petitioner's claim alleging that his mandatory detention under § 1226(c) was not authorized because he was not taken into ICE custody "when released" from criminal custody related to his removable offense, is substantially meritless and now foreclosed by the United States Court of Appeals for the Third Circuit's recent precedential decision in *Sylvain v. Attorney General of the United States, et al.*, No. 11-3357, __ F.3d __ , 2013 WL

1715304 (3d Cir., April 22, 2013), which holds that immigration authorities do not lose their authority to impose mandatory detention even if they fail to act when the alien is initially released from state or federal custody. (Resp. Answer at pp. 11-12, Docket entry no. 8.)

## II. RELEVANT STATUTES

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings. Title 8 U.S.C. § 1226(a) provides the Attorney General with the authority to arrest, detain, and release an alien during the pre-removal-order period when the decision as to whether the alien will be removed from the United States is pending. The statute provides,

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
>
> > (1) may continue to detain the arrested alien; and
> > (2) may release the alien on—
> > > (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> > > (B) conditional parole; but
> > (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise

6

would (without regard to removal proceedings) be
provided such authorization.

(b) Revocation of bond or parole

The Attorney General at any time may revoke a bond or
parole authorized under subsection (a) of this section,
rearrest the alien under the original warrant, and detain
the alien.

8 U.S.C. § 1226(a)(emphasis added.)

Certain criminal aliens, however, are subject to mandatory

detention pending the outcome of removal proceedings, pursuant

to 8 U.S.C. § 1226(c)(1), which provides in relevant part that:

The Attorney General **shall** take into custody any alien who—

(A) is inadmissible by reason of having committed any
offense covered in section 1182(a)(2) of this title,

(B) is deportable by reason of having committed any offense
covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C),
or (D) of this title, ...
**when the alien is released**, without regard to whether the
alien is released on parole, supervised release, or
probation, and without regard to whether the alien may be
arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1)(emphasis added).  Section 1226(c)(2)

permits release of criminal aliens only under very limited

circumstances not relevant here.

In short, detention under § 1226(a) is discretionary and

permits release on bond, while detention under § 1226(c) is

mandatory.

7

Title 8 U.S.C. § 1231(a) governs "post-removal-order" detentions. Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

Removal can be delayed by, e.g., the need to make arrangements with the destination country. In addition, the removal period can be restarted multiple times by various superseding events, such as a new stay order or a detention on criminal charges. *See Sayed v. Holder*, 2012 WL 458424 (D.N.J. Feb. 9, 2012). The U.S. Supreme Court has adopted a rule of thumb that a post-removal detention of up to six months is reasonable, but that a bond hearing may be required after that time. *Zadvydas v. Davis*, 533 U.S. 678 (2001).

8

III.  ANALYSIS

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Accordingly, this Court has subject matter jurisdiction over the Petition under § 2241 because petitioner was detained within its jurisdiction in the custody of ICE at the time he filed his petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and because he asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c) and therefore violates his due process rights, *see Zadvydas*, 533 U.S. at 699; *Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005).

9

B. Statutory Authority for Petitioner's Detention

Petitioner argues that he should not be subject to mandatory detention under Section 1226(c) because the ICE did not immediately place him into custody when he was released from prison on the allegedly removable offense more almost four years ago.  Under 8 U.S.C. § 1226(c)(1)(B), the Attorney General **shall** take into custody "any alien who ... (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A) (iii), (B), (C), or (D) of this title, ... **when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense."  8 U.S.C. § 1226(c)(1)(B)(emphasis added).  Petitioner contends that an "overwhelming majority of federal district courts" have interpreted the term "when ... released" under Section 1226(c) to mean that ICE is required to immediately detain an alien upon release from criminal incarceration.  *See, e.g., Parfait v. Holder*, 2011 WL 4829391 at *6-7 (D.N.J. Oct. 11, 2011). Specifically, in addition to *Parfait*, Petitioner cites to other cases in this District that have held that the mandatory detention statute of § 1226(c) does not control if the ICE

10

delayed in taking an alien into custody after the alien was released from criminal custody. *See Beckford v. Aviles*, 2011 WL 3515933 (D.N.J. Aug. 9, 2011); and *Sylvain v. Holder*, 2011 WL 2580506 (D.N.J. June 28, 2011). (Petition, ¶ 27.) Petitioner also refers to numerous other federal district courts outside of the District of New Jersey that have held the same view as to this issue of mandatory detention. (Petition, ¶ 27.)

However, as the Government points out in its answer to the petition regarding this claim, on April 22, 2013, the Third Circuit resolved this issue, reversing *Sylvain v. Holder*, 2011 WL 2580506 (D.N.J. June 28, 2011) on appeal, and holding that the ICE does not lose its authority to impose mandatory detention under 8 U.S.C. § 1226(c), even if the Government has delayed in detaining the alien when the alien was released from state or federal custody. *Sylvain v. Attorney General of U.S.*, __ F.3d __, 2013 WL 1715304, *5, *9 (3d Cir. April 22, 2013). The Third Circuit concluded:

> Our holding rests on a simple observation: even if the statute calls for detention "when the alien is released," and even if "when" implies some period of less than four years, nothing in the statute suggests that officials lose authority if they delay. With this holding, we neither condone government indolence nor express approval for the delay in this case. But as the Supreme Court has explained in a related context, "[t]he end of exacting compliance with the letter of [the statute] cannot justify the means of exposing the public to an increased likelihood of

violent crime by persons on bail, an evil the statute aims
to prevent." *Montalvo-Murillo*, 495 U.S. at 720.
Accordingly, we will reverse the District Court's judgment.

*Id.*, 2013 WL 1715304 at *9.

The Third Circuit's mandate in *Sylvain* definitively bars
Petitioner's claim for habeas relief, which is based on the
identical argument rejected in *Sylvain*, and thus makes
Petitioner ineligible for a bond hearing under § 1226(a).

Moreover, as Petitioner only recently was taken into ICE
custody on November 21, 2012, Petitioner cannot assert a claim
of unreasonably prolonged detention in violation of the Due
Process Clause under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d
Cir. 2011)(finding that Diop's nearly three year detention was
unconstitutionally unreasonable and, therefore, a violation of
due process). In *Diop*, the Third Circuit concluded that the
mandatory detention statute, § 1226(c), implicitly authorizes
detention for a reasonable amount of time, after which the
authorities must make an individualized inquiry into whether
detention is still necessary to fulfill the statute's purposes
of ensuring that an alien attends removal proceedings and that
his release will not pose a danger to the community. 656 F.3d
at 231. In this case, Petitioner's mandatory detention is less
than six months, and he alleges no facts to show that his

12

continued detention, now that an Immigration Judge has ordered his removal, is or will become unreasonably prolonged or indefinite.

Nor does Petitioner allege any factual basis for his claim that his mandatory detention is not authorized under §1226(c) because of a substantial challenge to removal.  He simply asserts without elaboration that he "is eligible for asylum, withholding, and convention against torture." (Petition, ¶ 31.)

Finally, the Government contends that Petitioner's detention is no longer governed by 8 U.S.C. § 1226(c), but is now authorized by 8 U.S.C. § 1231(a), because Petitioner is subject to a final order of removal.  The Immigration Judge issued an order of removal on March 19, 2013, and Petitioner has not filed an appeal before the BIA, nor has he filed a petition for review or sought a stay of his removal.

As discussed previously, § 1231(a) directs the Attorney General to remove aliens within ninety (90) days of the entry of a removal order.  8 U.S.C. § 1231(a)(1)(A).  The statute then commands that "[d]uring the removal period, the Attorney General shall detain the alien", 8 U.S.C. § 1231(a)(2), and with respect to criminal recidivist aliens, specifically provides that, "[u]nder no circumstance during the removal period shall the

Attorney General release an alien who has been found ... deportable under section 1227(a)(2) ... of this title." 8 U.S.C. § 1231(a)(2).

At the end of the ninety (90) day period, ICE may continue to hold the alien, or it may grant supervised release. 8 U.S.C. §§ 1231(a)(3) and (6). The discretion to detain an alien under § 1231(a) is limited by the Fifth Amendment's Due Process clause. *See Zadvydas*, 533 U.S. at 693-94. In *Zadvydas*, the United States Supreme Court interpreted § 1231(a)(6) to include "an implicit limitation" on detention. *Id.* at 689. The Court determined that "[§ 1231(a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id.* "[F]or the sake of uniform administration in the federal courts," the Court recognized six (6) months as a presumptively reasonable period of detention. *Id.* at 701.

Thus, the Government may not detain indefinitely an alien ordered removed, but may detain such an alien only for a period reasonably necessary to secure his removal. More specifically, once a presumptively-reasonable six-month period of post-

14

removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable.  The alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing.  *Zadvydas*, 533 U.S. at 701.  In assessing whether an alien has made the required showing, it must be remembered that, while the Supreme Court in *Zadvydas* emphasized that the expiration of the six month presumptively-reasonable period of detention did not mandate release, it also stated that as the period of detention grows "what counts as the 'reasonably foreseeable future' conversely shrinks."  533 U.S. at 701 (citation omitted).

As set forth above, the removal period starts on the latest of the following: (i) the date when the order of removal becomes administratively final (that is, appeal to the BIA was either taken and ruled upon, or the time to appeal expired); or (ii) if the removal order is judicially reviewed and, in addition, if a circuit court orders a stay of the removal, then it is the date of the court's final order as to that removal, or (iii) if the alien is detained or confined (except under an immigration

15

process), then it is the date when the alien is released from confinement. See 8 U.S.C. § 1231(a)(1)(B)(i) through (iii).[2]

In the instant case, the Government argues that subsection (iii) obviously does not apply to Petitioner because he is presently detained for immigration purposes. Subsection (ii) also does not apply because Petitioner has not filed a petition for review and no stay of removal has ever been granted. Thus, in absence of a stay of removal, subsection (i) applies to Petitioner, and his removal period began on the date his order of removal became administratively final.

Here, an order of removal was issued by the Immigration Judge on March 19, 2013, and the parties have confirmed that Petitioner has not appealed the March 19, 2013 order to the BIA. In the absence of an administrative appeal, Petitioner's order of removal became final on April 19, 2013, when the time for seeking review by the BIA expired.[3] *See* 8 C.F.R. § 1240.15 (an

---

[2] However, the "removal period" begins anew upon each subsequent occurrence of one of the designated events set forth in § 1231(1)(a)(B) above. *See Michel v. Immigration and Naturalization Service*, 119 F. Supp.2d 485 (M.D.Pa. 2000); *Yaguachi v. Clancy*, 2012 WL 1495540 (D.N.J. April 27, 2012. *See also Pierre v. McKusey*, 2009 WL 464444, at *2 (D.N.J. Feb.24, 2009)(an appeal challenging an order of removal restarts the Removal Period.).

[3] An order of removal becomes "final upon the earlier of-(i) a determination by the Board of Immigration Appeals affirming such

appeal from a decision of an immigration judge to the BIA "shall be filed within 30 calendar days after the mailing of a written decision, the stating of an oral decision, or the service of a summary decision").  Since the removal period begins on the "date the order of removal becomes administratively final," 8 U.S.C. § 1231(a)(1)(B)(i), Petitioner's removal period began on April 19, 2013, when the time to appeal to the BIA expired. Accordingly, the 90-day removal period only recently started and will not expire until July 19, 2013, and the six-month presumptively reasonable period of post-removal-period detention under *Zadvydas* will not expire until October 19, 2013.

For Petitioner to state a claim under *Zadvydas*, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; a prematurely-filed petition must be dismissed without prejudice to the filing of a new

---

order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); *see also* 8 C.F.R. § 1241.1; *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011); *Hakim v. Holder*, 611 F.3d 73, 77 (1st Cir. 2010); *Chupina v. Holder*, 570 F.3d 99, 103 (2d Cir. 2009); *United States v. Calderon–Minchola*, 351 Fed. Appx. 610, 611 n. 1 (3d Cir. 2009); *Davies v. Hendricks*, 2013 WL 1704867, *4, fn.1 (D.N.J. April 19, 2013).

Petition once the removal period has expired. *See, e.g., Rodney v. Mukasey*, 340 Fed. Appx. 761 (3d Cir. 2009); *Hall v. Sabol*, 2012 WL 3615464, at *3 (M.D.Pa. Aug. 21, 2012); *Ufele v. Holder*, 2012 WL 1065877 (3d Cir. March 30, 2012). Here, Petitioner submitted his Petition on March 13, 2013, before his removal period began on or about April 19, 2013. Thus, any potential *Zadvydas* claim was not ripe at the time Petitioner initiated this action. Moreover, as observed above, the six-month presumptively-reasonable removal period does not expire until October 19, 2013. Accordingly, the Petition must be dismissed without prejudice as premature, because (1) the presumptively reasonable six month period for removal has yet to expire, and (2) Petitioner "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" *Encarnacion–Mendez v. Attorney General of U.S.*, 176 Fed. Appx. 251, 254 (3d Cir.2006); *Davies*, 2013 WL 1704867 at *4. This dismissal is without prejudice to the filing of a new § 2241 petition (in a new case) after October 19, 2013, in the event that Petitioner can allege facts showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

18

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court dismisses without prejudice Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.


_____
PETER G. SHERIDAN
United States District Judge

Dated:   5/13/13

19